**FILED**

SEP 2 4 2007

SEP 24 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Trina Mack<br>21800 Peterson Ave.<br>Sauk Village, IL 60411<br>Plaintiff,<br><br>v.<br><br>Law Offices of Bradley J. Rephen, P.C.<br>c/o Bradley J. Rephen, Owner<br>17 Squadron Boulevard # 320<br>New City, NY 10956<br>Defendant. | 07CV 5376<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE BROWN<br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around May 11, 2007. Defendant contacted Plaintiff at work by telephone regarding Plaintiff's debt.

10. During the communication referenced above, Plaintiff informed Defendant that she was not permitted to receive personal calls at work regarding her debt and requested that Defendant refrain from calling Plaintiff at work in the future.

11. Despite Plaintiff's notice and request, Defendant contacted Plaintiff at work again during the same day as the communication referenced above in paragraph 9.

12. During the communication referenced above in paragraph 11, Defendant stated that Plaintiff was a "deadbeat" who probably writes bad checks all the time.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

**18.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**19.** The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## JURY DEMAND

**20.** Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**21.** Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: _____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156
jsh@legalhelpers.com